UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADEBOWALE SHEBA,** | Civil Action No. 13-0024 (FLW) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**WOLFSON, United States District Judge:**

## I. INTRODUCTION

Movant Adebowale Sheba (hereafter "Movant" or "Sheba"), previously incarcerated at Limestone County Federal Detention Center, Groesbeck, Texas, and currently detained by Immigration and Customs Enforcement ("ICE") at Essex County Correctional Facility, Newark, New Jersey, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion" or "§ 2255 Motion"). The Motion has been fully briefed and is ready for disposition. For the reasons explained in this Opinion, the Motion is dismissed with prejudice as untimely and no certificate of appealability shall issue.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a. The Plea Agreement

The Court recounts only the facts necessary to this Opinion. On or about November 12, 2009, Sheba and several co-conspirators were charged in a criminal complaint in the United States District Court, District of New Jersey, with conspiring to defraud the United States in violation of Title 18, United States Code, Section 286. (*See* Criminal Docket for *United States v.*

*Sheba*, Crim. No. 10-874 (FLW), No. 1.) On or about December 22, 2010, pursuant to a written plea agreement between the United States and Sheba, Sheba pled guilty to one count of conspiracy to defraud the United States. (ECF No. 12-3, Plea Agreement, attached as Ex. 3 to Res. Answer.) The Plea Agreement also included a waiver provision under which Sheba agreed to waive his right to file an appeal or collateral attack of his sentence if it was within or below the Guideline range that resulted from a total offense level of 23, and the government was similarly precluded from challenging the sentence if it fell within or above the Guideline range that resulted from a total offense level of 25.[1] (*See* Exhibit 3, Schedule A.)

This Court sentenced Sheba on July 25, 2011 to 72 months imprisonment, the low end of the Guidelines range applicable to offense level 25 and criminal history category III, and a term of supervised release of 3 years. The Court also ordered Sheba to pay $609,521.34 in restitution. (*See* Transcript of Sentencing before the Honorable Freda L. Wolfson, U.S.D.J., July 25, 2011, attached as Exhibit 4, at pages 30-34). Sheba did not file an appeal.

**b. Sheba's 2255 Motion**

On December 10, 2012, Sheba wrote to the Court as follows, requesting an extension of time to file his habeas petition:

> COMES NOW: The movant ADEBOWALE SHEBA, pro se, and this Honorable Court respectfully state and prays as follows
>
> 1. On July 25, 2011, I was sentenced to 72 months of imprisonment at the above mentioned criminal cause.
>
> 2. At the same time I was responding to the criminal case Number: 09-12-0349-S of State Court of New Jersey.

---

[1] The Plea Agreement also set forth certain stipulations relating to the United States Sentencing Guidelines including that the offense involved sophisticated means and trafficking in unauthorized access devices. However, both parties reserved their right to argue at sentencing the applicable loss amount under U.S.S.G. §2Bl.l(b)(1). The government's position was that the loss was more than $2,500,000 but less than $7,000,000, and Sheba's position was that the loss was more than $1,000,000 but less than $2,500,000.

> 3. At meanwhile I was confined in Federal Prison Limestone Detention Center, in Groesbeck, Texas, and Mercer County Correctional Center, New Jersey.
>
> 4. On September 26, 2012[,] I was sentenced by State Court to 5 years flat of imprisonment, concurrent with Federal Sentence.
>
> 5. From Mercer County Correctional Center, New Jersey I was moved to Limestone Detention Center and I arrived here on November 30, 2012.
>
> 6. In order for movant to adequately bring these issues to the Court's attention and be able to adequately filled all forms, [sic] movant request that this honorable Court allow me 180 days extension of time to file the forms.
>
> 7. Movant is preceding pro se and I have to rely on assistance of the other prisoners to assist him [sic] in preparing said forms.
>
> 8. That extension is hereby necessary so l can file my forms and have a full and fair opportunity to present the Motion 2255.
>
> Wherefore [sic] it is respectfully requested that this Honorable Court enlarge the due date in which movant is required to file his forms until January 25, 2013.

Because Sheba had not yet submitted his § 2255 Motion, the letter was filed in Sheba's criminal case. (*See* Criminal Docket for United States v. Sheba, Crim. No. 10-874 (FLW), No. 56.) Sheba subsequently submitted his §2255 Motion, dated December 24, 2012, which was filed with the Court on January 2, 2013. (*See* ECF No. 1.)

In his § 2255 Motion, Sheba acknowledged that his Motion was untimely as his judgment of conviction became final more than a year prior to his submission of the Motion. He again asked the Court to extend the limitations period for the reasons stated in his December 10, 2012 letter to the Court, which was filed in his criminal case. (ECF No. 1, Motion at 9-10.)

The Court, by Notice and Order dated March 4, 2013 (the "Notice and Order"), and pursuant to the decision of the Court of Appeals for the Third Circuit in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advised Sheba that he could have the pleading ruled upon as filed

3

and, if he did, he would not be able to raise additional claims in another pleading, absent certification from the Court of Appeals, or he could withdraw the pleading and file an all-inclusive § 2255 petition within the one-year period described by the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255. (ECF No. 3.)  The Notice and Order required Sheba to advise the Court of his decision within 45 days. (*Id.*)  After receiving several extensions of time to respond to the Court's Order, Sheba submitted his "Supplemental Motion for 28 U.S.C. 2255 Relief" (the "Supplemental 2255 Motion"), dated June 28, 2013, which was filed with the Court on July 8, 2013. (ECF No. 9.)  Reading his motion papers together, Sheba challenges two aspects of his sentence: the Court's loss amount determination and criminal history calculation – and seeks a modified sentence of 57 months.[2]

The Government filed its Answer on May 12, 2014.  The Government first argued that Sheba's § 2255 Motion should be dismissed as untimely because it was brought nearly five months after the limitations period expired and Sheba "has not offered any reason that would warrant tolling of the statute of limitations." (ECF No. 13, Answer at 7.)  In a footnote, the Government stated as follows:

> In his initial 2255 Motion, Sheba referred to a letter that he submitted to the Court on or about December 13, 2012 in which he sought an extension of time to file the 2255 Motion.  In that submission, Sheba claimed without explanation that he needed additional time because he was confined in the Mercer County Correctional Center and then in federal prison in Groesbeck, Texas. (See Exhibit 6).  The Court should not consider this request as it was submitted several months after the statute of limitations had expired and does not provide any rational or other explanation as to why Sheba was unable to timely file his petition.

---

[2] Sheba challenged the loss amount determination in his initial § 2255 motion, but did not reassert that claim in his supplemental § 2255 motion.  Because the Court finds that his Petition is untimely, it does not consider whether he waived his argument as to the loss determination amount by not reasserting that claim in his supplemental motion.

4

(ECF No. 13, Answer at 7 n.2.) The Government also addressed the merits of Sheba's § 2255 Motion, arguing that (1) the challenges to the Court's criminal history calculation and loss amount determination should have been brought on direct appeal, (2) that the alleged errors did not amount to a miscarriage of justice, and (3) that that his arguments were otherwise without merit because the Court's criminal history calculation and loss amount determinations were correct. (ECF No. 13.) On June 2, 2014, Sheba submitted his Reply to the Government's Answer, which was filed on June 6, 2014. In his reply, Sheba did not provide any response to the Government's argument that his Motion is untimely and that he has failed to provide any basis for equitable tolling.[3]

### III. ANALYSIS

#### a. Sheba's § 2255 Motion is Untimely

Here, the threshold issue before the Court is whether Sheba's § 2255 motion is untimely under the one-year limitations period prescribed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to 28 U.S.C. § 2255(f), "[a] 1–year period of limitation shall apply to a motion under this section." *See id.* The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;

---

[3] In addition, Sheba argues for the first time in his Reply that he "requested his Counsel to file his notice of appeal, and Counsel did not file the timely notice as he was requested to do." (*See* ECF No. 14, Reply at 5.) The Court declines to consider new grounds raised on Reply where the movant was provided with the required *Miller* notice and had the opportunity to raise this issue in his Supplemental § 2255 Motion. *See, e.g.*, *Soto v. United States*, No. CIV.A. 04-2108 (JAG), 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005) *aff'd*, 313 F. App'x 496 (3d Cir. 2008) (finding that "Petitioner must not be allowed at this stage in the litigation to assert a new claim in a reply brief" where Petitioner received a *Miller* notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999)). The Court notes, however, that Sheba's contention that his attorney did not file his appeal as requested does not alter the Court's analysis finding that his § 2255 motion is untimely.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d)(1).

As explained by the Third Circuit in *Kapral v. U.S.*, 166 F.3d 565, 577, 570-71 (3d Cir. 1999), a "judgment of conviction becomes 'final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires; *see also Clay v. U.S.*, 537 U.S. 522, 527 (2003) (citations omitted) (A federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

"If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral*, 166 F.3d at 577; *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000).

In this case, Sheba did not file an appeal, and his conviction became final when his time to appeal expired under the Federal Rules of Appellate Procedure – *i.e.*, 14 days after the entry of

judgment in the district court. *Kapral*, 166 F.3d at 577; *Nelson v. United States*, No. CIV.A. 12-5265 FLW, 2013 WL 2182602, at *2 (D.N.J. May 20, 2013) (citing Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed ... within 14 days after ... the entry of either the judgment [being] appealed"); *Doyle v. United States*, No. CIV.A. 13-5284 RMB, 2013 WL 5521578, at *1 (D.N.J. Oct. 3, 2013) (same).

Here, Sheba's judgment of conviction was entered on July 25, 2011. Because Sheba did not appeal, his conviction became final when the time for filing of a notice of appeal expired on August 8, 2011. As such, to be considered timely, Sheba's § 2255 Motion should have been handed to prison officials for filing by August 8, 2012. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998) ("[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.") (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Sheba's § 2255 Motion is dated December 24, 2012 and was filed on January 2, 2013. As such, the Motion is untimely by at least four months.

   **b. Equitable Tolling Analysis**

That is not the end of the matter, however, as the statute of limitations is subject to certain equitable considerations. Courts have recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *see also Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (holding that AEDPA's one year limitation period may be equitably tolled). As explained by the Third Circuit in *Thomas*, "the Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 174 (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177

L.Ed.2d 130 (2010)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Mere excusable neglect is insufficient. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002)).

There are no bright-line rules for determining when extra time should be permitted in a particular case. *Thomas*, 713 F.3d at 174 (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account. *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *Id.* (citing *Pabon*, 654 F.3d at 399). Similarly, courts "should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Miller*, 145 F.3d at 618).

Here, on December 10, 2012, approximately four months <u>after</u> the limitation period expired, Sheba wrote to the Court requesting an extension of time to file his habeas petition. In that submission, Sheba claimed without explanation that he needed additional time to bring unspecified "issues" to the Court's attention and to prepare certain "forms" because he had been responding to a criminal case in state court during his one-year limitations period, and had been confined at both the Mercer County Correctional Center and Limestone County Detention Center in Groesbeck, Texas during the one-year limitations period. Read generously, Sheba's extension request suggests that the transfer or transfers from federal to state custody and the pending State court criminal charges during the one-year limitations period made it difficult for him to file his habeas petition in a timely manner.

The Court's equitable tolling analysis is guided by the Third Circuit's decision in *United States v. Thomas*, 713 F.3d 165 (3d Cir. 2013). There, Thomas, a federal prisoner, was temporarily transferred to state custody on several occasions to answer charges that he murdered his wife. 713 F.3d at 167. As in this case, the transfers and state court proceedings occurred during the time in which he could have filed his motion to vacate, set aside, or vacate his federal sentence in the District Court. On May 24, 2010, approximately three weeks <u>before</u> the deadline for filing his § 2255 motion, he filed a *pro se* motion for a 120 day extension of time, arguing that the extension was warranted because he was in state custody without access to legal materials needed to prepare his motion for 120 days during the one year limitations period. Of the 120 days spent in state custody, 80 occurred near end of the limitations period. *See id.* However, he was returned to federal custody on May, 6, 2010 and had until June 15, to file his § 2255 motion. *See id.* at 167, 174. The District Court denied Thomas' motion, and he appealed without filing the § 2255 motion.

After determining that the District Court had jurisdiction to rule on Thomas' motion prior to his filing of a § 2255 motion, the Court found that "Thomas failed to show that he diligently pursued his rights and that he was beleaguered by extraordinary circumstances." *Id.* at 174. The court went on to explain:

> Although temporarily transferred to state custody, Thomas was in federal custody with access to legal materials for approximately nine months, including almost seven weeks leading up to the expiration of his limitations period. Thomas provides no support for a finding that he was diligent, nor does he explain the necessity of the materials he claims he was deprived of. *See Robinson v. Johnson*, 313 F.3d [128,] 143 [(3d Cir. 2002)] ("deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"). Although his transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances. *Cf. Munchinski v. Wilson*, 694 F.3d

9

> 308, 329–30 (3d Cir. 2012); *Pabon [v. Mahanoy*], 654 F.3d [385,] 399–400 [(3d Cir. 2011) (holding that "equitable tolling might be warranted when a non-English speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials, translation, or legal assistance in his or her language."); *Valverde v. Stinson*, 224 F.3d 129 (2d Cir.2000) (remanding case to district court for further factual development on extraordinary circumstances where defendant alleged that corrections officer intentionally confiscated his pro se habeas petition and related legal materials shortly before filing deadline). Accordingly, the District Court did not err in denying Thomas' motion for an extension of time to file a § 2255 motion.

*Thomas*, 713 F.3d at 174-75 (finding that permitting Thomas to file his § 2255 motion on remand would be futile because that motion would be clearly denied as untimely).

The facts before the Court in this case are less compelling than those in *Thomas*, where the Third Circuit found no equitable tolling. Even if the Court construed Sheba's December 10, 2012 to the Court as a request to extend the time within which to file his § 2255 motion, that letter was submitted months <u>after</u> the applicable limitations period expired and Sheba has offered no explanation in the December 10, 2012 letter or his § 2255 motion papers for why he could not have written to the Court and asked for the extension of time <u>before</u> the limitations period expired. Like Thomas, Sheba provides no facts to suggest that he was in any way diligent during the one-year limitations period. Although Sheba appears to suggest that the transfers between federal and state custody and the pending criminal matter in State court made it more difficult for him to file his habeas petition before the applicable limitations period expired, the Third Circuit has made clear in *Thoma*s that such difficulties, standing alone, do not establish the type of extraordinary circumstances that would warrant equitable tolling. Sheba does not claim that he was deprived of his own legal materials or resources during any portion of the limitations period. Although Sheba contends that he needed to rely on other (presumably federal) prisoners to prepare his § 2255 motion, he fails to explain why he could not get that assistance from federal

10

prisoners while he was in federal custody at Limestone Detention Center.[4]  For all these reasons, the Court finds that Sheba cannot meet the requirements for equitable tolling, and his belated extension request is denied.

       Having found that Sheba cannot meet the requirements for equitable tolling, the Court dismisses the Petition with prejudice as untimely.  When a district court denies a habeas petition on procedural grounds, a Certificate of Appealability ("COA") is only appropriate if (1) "jurists of reason ... could conclude the [constitutional] issues presented are adequate to deserve encouragement to proceed further," *Perry v. Diguglielmo*, 169 F. App'x 134, 136 (3d Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).  Here, the Court's procedural ruling is not debatable in light of *Thomas*, 713 F.3d at 174, and, as such, no certificate of appealability shall issue.

---

[4] In *Thomas*, the Third Circuit emphasized that Thomas spent nine months in federal custody during which he could have filed his § 2255 motion, including several weeks at the end of the limitation period. The only dates Sheba provides are the date of his judgment of conviction in federal court, the date he was sentenced on the state court charges, and the date he returned to federal prison. As such, the Court cannot determine the specific periods of time Sheba spent in state and federal custody.  The Court notes, however, that Sheba was sentenced in state court on September 26, 2012, two months after the limitations period expired.

11

VI. **CONCLUSION**

For the reasons expressed in the foregoing Opinion, the Court dismisses Sheba's § 2255 Motion as untimely and declines to issue a certificate of appealability. An appropriate Order follows.

                    /s/ Freda L. Wolfson_____
                    Freda L. Wolfson
                    United States District Judge

Date: January 19, 2016